IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| Michael Angello, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | Civil Action No. 3:24-cv-00077 | |
| § | | |
| Phoenix Health Management LLC, § | JURY TRIAL DEMANDED | |
| § | | |
| Defendant. § | | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Michael Angello ("Plaintiff" or "Angello") files this Complaint against Phoenix Health Management LLC ("Defendant" or "PHM"), showing in support as follows:

## I.   NATURE OF ACTION

1.  This is a civil action brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the Portal-to-Portal Act, 29 U.S.C. §§ 251-262 (collectively, the "FLSA") seeking damages for Defendant's failure to pay Plaintiff time and one-half the regular rate of pay for all hours worked over 40 during each seven-day workweek.

2.  Plaintiff seeks all damages available under the FLSA, including back wages, liquidated damages, legal fees, costs, and post-judgment interest.

## II.   THE PARTIES

**A.   Plaintiff Michael Angello**

3.  Plaintiff is an individual residing in Harris County, Texas. Plaintiff has standing to file this lawsuit.

4.  Plaintiff began working for Defendant on or about February 1, 2023. Plaintiff is a former employee. Plaintiff stopped working for Defendant on or about March 14, 2024.

1

5. At all times, Plaintiff was paid on an hourly basis of approximately $15 per hour.

6. Plaintiff's written consent to participate in this lawsuit is filed along with this Original Complaint as Exhibit 1.

**B.     Defendant Phoenix Health Management LLC**

7. Defendant is a limited liability company organized under the laws of the State of Texas.

8. During all times relevant to this lawsuit, Defendant has done business in the State of Texas.

9. Defendant's principal place of business as listed with the Texas Secretary of State is PO Box 91190, Houston, Texas 77291.

10. At all times relevant to this lawsuit, Defendant has been a covered employer under the FLSA. *See* 29 U.S.C. § 203(s)(1)(B).

11. Defendant may be served with summons through its registered agent Samuel Milledge, 2500 E TC Jester Blvd., Suite 510; Houston, Texas 77008.

### III.     JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this case based on federal question jurisdiction pursuant to 28 U.S.C. § 1331, because Plaintiff's claims are based on federal law, namely the FLSA. *See* 29 U.S.C. § 216(b).

13. The United States District Court for the Southern District of Texas has personal jurisdiction over Defendant because Defendant does business in Texas and in this District, and because many of the acts complained of and giving rise to the claims alleged occurred in Texas and in this District.

14. Venue is proper in this District and/or Division pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to all claims occurred in this District, and in this Division.

### IV.   FACTUAL BACKGROUND

15. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

16. Plaintiff was employed by Defendant as a security guard in connection with its healthcare services business operations. His primary job duties involved patrolling the premises and securing the hospital traffic control.

17. Plaintiff routinely worked in excess of 40 hours per workweek for Defendant. Plaintiff's weekly work schedule typically encompassed approximately 84 hours of work for Defendant on average. However, Defendant did not pay Plaintiff time and one-half the regular rate of pay for all hours worked over 40 during each workweek. Rather Defendant paid Plaintiff his hourly rate for all hours worked ("straight time for overtime").

18. Defendant failed to pay all overtime wages due to Plaintiff because it categorized him as an independent contractor paid on a 1099 basis, however as a matter of economic reality, Plaintiff was Defendant's employee.

19. Defendant controlled the terms and conditions of Plaintiff's employment. Defendant required Plaintiff to complete training and an orientation just as it did for all of its employees. Defendant set Plaintiff's schedule, which was 7:00 am to 7:00 pm. He could not take days off without threats of retaliation. Plaintiff witnessed retaliation against other employees who tried to take time off (they were fired and replaced with other workers while on vacation). Plaintiff did not work for a separate company, but rather worked directly for Defendant on its premises.

Defendant required Plaintiff to wear an all-black uniform with "Security" written on the back of the shirt provided at Defendant's expense. Defendant provided Plaintiff with an employee badge labeled "Security." Plaintiff did not consult or tell Defendant what to do, but rather Defendant simply posted Plaintiff at a location to provide security services. Furthermore, Defendant exercised control over Plaintiff by requiring him to complete job duties, such as maintenance, separate and apart from his role as a security guard.

20. Defendant controlled Plaintiff's opportunity for profit or loss. Plaintiff could not hire a helper or subcontractor to assist with his duties, and consequently was not responsible for ensuring the profitability of his enterprise. Plaintiff did not go through a bidding process, his pay was offered on a take-it-or-leave-it basis as is characteristic of an employer/employee relationship. Plaintiff could not choose to perform his duties differently to enhance his "bottom line," because Defendant controlled all costs relative to his work as an employer would do. Similarly, Plaintiff had no opportunity for loss. Instead, there was only the opportunity for earned income based upon days Plaintiff worked for Defendant.

21. Plaintiff did not make a substantial investment in Defendant's business or in a separate business providing services to Defendant. Rather, Defendant provided Plaintiff with all of the supplies and materials that were necessary to perform work and obtain payment. Furthermore, Defendant's investment in its business exceeded the investment, if any, of Plaintiff in connection with his work as a security guard employee of Defendant.

22. Plaintiff did not possess the business skill and acumen characteristic of an independent contractor. He spent no money marketing his skill, nor did he invest time in proposing, specifying, or negotiating successive jobs with various employers on a contract-to-contract basis. To the extent that Plaintiff was a skilled worker, Defendant did not permit him to make

independent judgment on the jobsite and consequently he did not use any relevant skills as an independent contractor would have done.

23. In sum, Plaintiff did not exercise sufficient, if any, control over a meaningful part of Defendant's business so as to be considered an economic entity separate and apart from Defendant. Plaintiff was simply a part of Defendant's workforce.

24. Defendant's wage payment policy and/or practice resulted in Plaintiff not being paid all overtime wages owed to him by Defendant in violation of the FLSA.

## V.   FLSA CLAIMS FOR OVERTIME PAY

25. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

26. At all relevant times, Defendant has been a covered employer under the FLSA. *See* 29 U.S.C. § 203(s)(1)(B).

27. Plaintiff was an employee of Defendant pursuant to the FLSA. 29 U.S.C. § 203(e).

28. Plaintiff was not exempt from overtime under the FLSA.

29. At times relevant to this lawsuit, Plaintiff worked in excess of 40 hours per seven-day workweek as an employee of Defendant.

30. Defendant was required to pay Plaintiff time and one-half his regular rate of pay for all hours worked over 40 in each relevant seven-day workweek. 29 U.S.C. § 207(a)(1).

31. Defendant failed to pay Plaintiff one and one-half times his regular rate of pay for all hours worked over 40 in each and every seven-day workweek during the time period relevant to this lawsuit in violation of the FLSA.

32. Defendant failed to maintain and preserve payroll records which accurately show the total hours worked by Plaintiff on a daily and weekly basis in violation of the recordkeeping requirements of the FLSA. *See* 29 U.S.C. § 211(c); 29 C.F.R. § 516.2(a) & 516.5.

33. Defendant's violation of the FLSA, as described above, is/was willful within the meaning of 29 U.S.C. § 255(a). At all material times, Defendant was aware that Plaintiff was not paid overtime premium pay at the rate of time and one-half their respective regular rates of pay for all hours worked over forty in a seven-day workweek.

34. Plaintiff specifically pleads recovery for the time period of three years preceding the date this lawsuit was filed and forward for their FLSA claim as the result of Defendant's willful conduct. *See* 29 U.S.C. § 255(a).

35. Plaintiff seeks all damages available for Defendant's failure to timely pay all overtime wages owed, including back wages, liquidated damages, reasonable attorneys' fees and costs, and post-judgment interest.

## VI.  JURY DEMAND

36. Plaintiff demands a jury trial.

## VII.  DAMAGES AND PRAYER

37. Plaintiff asks that the Court issue summons for Defendant to appear and answer, and that Plaintiff be awarded a judgment against Defendant or order(s) from the Court for the following:

    a. All damages allowed by the FLSA, including back wages;

    b. Liquidated damages in an amount equal to FLSA-mandated back wages;

    c. Legal fees;

    d. Costs;

    e.  Post-judgment interest;

    f.  All other relief to which Plaintiff may be justly entitled.

Dated: March 19, 2024            Respectfully submitted,

                                         By:    <u>s/Melinda Arbuckle</u>
                                                   Melinda Arbuckle
                                                   Texas State Bar No. 24080773
                                                   marbuckle@wageandhourfirm.com
                                                   Ricardo J. Prieto
                                                   Texas State Bar No. 24062947
                                                   rprieto@wageandhourfirm.com
                                                   **Wage and Hour Firm**
                                                   5050 Quorum Drive, Suite 700
                                                   Dallas, Texas 75254
                                                   (214) 489-7653 – Telephone
                                                   (469) 319-0317 – Facsimile

                                                   ATTORNEYS FOR PLAINTIFF AND PUTATIVE
                                                   COLLECTIVE ACTION MEMBERS