IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| Michael Angello, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | Civil Action No. 3:24-cv-00077 |
| § | | |
| Phoenix Health Management LLC, et al. § | | |
| § | | |
| Defendants. § | | |

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT
AS TO DEFENDANT PHOENIX HEALTH MANAGEMENT LLC**

Pursuant to this Court's Order of July 11, 2025 (ECF No. 29), Plaintiff Michael Angello ("Plaintiff" or "Angello") files this Motion for Default Judgment as to defaulted Defendant, Phoenix Health Management LLC ("Phoenix"). Through this Motion, Plaintiff seeks entry of his backpay, liquidated damages and reasonable and necessary attorneys' fees and costs due to Defendant Phoenix's failure to appear in this federal Fair Labor Standards Act ("FLSA") lawsuit. Plaintiff respectfully submits to the Court as follows:

**I.   SERVICE IS COMPLETE**

Plaintiff filed this lawsuit seeking, among other things, back overtime pay under the FLSA against Defendant Phoenix Health Management LLC ("Phoenix") on March 19, 2024. (ECF No. 1.) Plaintiff served Defendant's registered agent via personal service on March 28, 2024. (ECF No. 8.) Defendant did not appear and respond to Plaintiff's complaint by its deadline, April 18, 2024, and the clerk entered default against Defendant on May 15, 2024. (ECF No. 10.)

Plaintiff subsequently joined Defendant Triumph Health Solutions LLC (ECF No. 13) under a joint employer theory under the FLSA. Plaintiff has settled his claims against Defendant Triumph. (ECF No. 28.) Accordingly, Plaintiff seeks default judgment against Defendant Phoenix.

1

## II.     FACTUAL BACKGROUND

Plaintiff worked for Phoenix as a security guard beginning on February 1, 2023 through March 14, 2024 (about 58 weeks). (Ex. A, Angello Decl., ¶ 1.) Defendant did not pay Plaintiff overtime premium pay for his substantial hours of work because it misclassified him as an independent contractor. (*Id.*, ¶ 2.)

Phoenix set Plaintiff's hours of work and provided him with full-time employment. (*Id.* at ¶ 3.) He was disciplined and witnessed other security guards receive discipline when they attempted to control their own schedules. (*Id.*) Plaintiff was told by his Phoenix supervisor how and went to do his job. (*Id.*) He could not hire his own employees to assist in his duties. (*Id.*) He did not exert control over a business to be considered a separate economic entity from Phoenix. (*Id.* at ¶ 4.) Rather, he was simply a part of Phoenix's workforce, performing the security guard services that were the backbone of Defendant's revenue stream. (*Id.*)

Similarly, Plaintiff did not make any material investment in a business to stand as a separate economic unit from Phoenix. (*Id.*, ¶ 5.) He did not exercise special skills to obtain new work or better rates, or make decisions on advertising, marketing, pricing or business operations. (*Id.*, ¶ 7.) He was at all times economically dependent on Phoenix. (*Id.* ¶ 6.) He did not have the opportunity for loss or profit, but rather the more hours he worked, the more money he earned. (*Id.*, ¶ 6.)

While not required by the law, Plaintiff maintained records of the hours he worked for Defendant on a bi-weekly basis, and has fairly estimated his weekly overtime hours worked based off of those records. (*Id.*, ¶ 8.) Given the calculations[1] contained in Plaintiff's declaration, Plaintiff

---

[1] For example, in the pay period of March 3, 2024 through March 16, 2024, Plaintiff worked a total of 123.66 hours. However, Defendant also deducted 2.5 hours of meal periods from Plaintiff's weekly hours worked although Plaintiff was not permitted to take fully relieved meal breaks (ECF No. 1, ¶ 32) Plaintiff estimated that half the total hours were worked in the first week and half worked in the second, 64.33 hours each week. Subtracting 40 hours of work for the first

has established his entitlement to back overtime pay in the amount of $11,816.79. Furthermore, he is entitled to an equal amount in liquidated damages, along with reasonable attorney's fees and costs.

### III. ARGUMENT AND AUTHORITY

**A.      Legal Standard for Default Judgment**

In making a determination whether to grant a motion for default judgment, courts take all facts presented by the non-defaulting party as true, except for those pertaining to the amount of damages. *See* Fed. R. Civ. P. 55; *U.S. v. Shipco Gen. Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987).

However, where an amount claimed is "a liquidated sum or one capable of mathematical calculation," a court may enter judgment without holding a hearing on the extent of damages. *See James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993). This is particularly true in FLSA cases where damages calculations are to be made by a court as a matter of law and where, as discussed further below, hours worked and rates of pay may be based on a plaintiff's estimation and recollection. *See, e.g.*, *McIntyre v. Collin Bryan Constr. LLC*, No. 3:22-cv-1267-K, 2023 WL 3259754, at *6 (N.D. Tex. Apr. 19, 2023). An FLSA plaintiff meets his burden of proof by relying on his own recollection which "enjoys a presumption of accuracy in the absence of available formal records." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1046).

A court's entry of default judgment is reviewed for abuse of discretion. *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 495 (5th Cir. 2015).

---

week in the pay period reveals 24.33 hours of overtime worked that week, which should be multiplied by the half time premium omitted from his pay, $7.50, for a total of $182.48 in one workweek, and the number reflected in the "OT Due" Column is the number for both workweeks, 364.95.

3

**B.     Plaintiff's Pleadings and Declaration Establish His *Prima Facie* Case.**

To prevail on a claim for unpaid overtime damages under the FLSA, a plaintiff must establish:

> (1) there existed an employer-employee relationship during the unpaid overtime periods claimed; (2) that the employee engaged in activities within the coverage of the FLSA; (3) that the employer engaged in activities within the coverage of the FLSA; (4) that the employer violated the FLSA overtime wage requirements; and (5) the amount of overtime compensation due.

*Johnson v. Heckman Water Res. (CVR), Inc.*, 758 F.3d 627, 630 (5th Cir. 2014).

Here, Plaintiff has established by Defendant's default that he and Defendant were covered by the FLSA. (*See* ECF No. 1, ¶ 10, 26.) Plaintiff has also established that Defendant did not pay overtime wages to Plaintiff when he worked over forty hours in a workweek. (ECF No. 1, ¶ 17, 18, 24.) However, at issue in this case was whether Plaintiff was Defendant's employee due to Defendant's misclassification of him as an independent contractor. Plaintiff's pleadings and the attached declaration make the requisite showing of misclassification such that Defendant should be liable for its failure to pay overtime pay to Plaintiff.

Courts in this Circuit consider a multi-factor test to determine whether a plaintiff is an employee or independent contractor as a matter of economic reality:

> (1) the degree of control exercised by the alleged employer; (2) the extent of the relative investments of the worker and the alleged employer; (3) the degree to which the worker's opportunity for profit or loss is determined by the alleged employer; (4) the skill and initiative required in performing the job; and (5) the permanency of the relationship.

*Hobbs v. Petroplex Pipe & Constr., Inc.*, 946 F.3d 824, 829 (5th Cir. 2020). No single factor is determinative. *Id.*

In his pleadings and declaration, Plaintiff establishes that as a matter of economic reality, Defendant was his employer. First, Defendant set Plaintiff's schedule and he was supervised by a

4

managerial employee of Defendant named Kimberly Harrington. (Ex. A, Angello Decl., ¶ 3.) Plaintiff was not permitted to refuse work without receiving discipline and was not able to hire his own employees to help perform his duties. (*Id.*) Second, Plaintiff did not have an opportunity for profit or loss but could only gain more money by working more hours at a constant rate. (*Id.* at ¶ 6.) Third, Plaintiff did not make a material investment in a business such that he stood apart from Defendant, but rather he was simply a part of Defendant's workforce. (*Id.* at ¶¶ 4-5.) Fourth, Plaintiff worked for Defendant exclusively for an indefinite period lasting approximately just over a full year. (*Id.*, ¶ 1.) Plaintiff worked so many hours for Defendant, he did not have a meaningful opportunity to provide services to any other entity. (*Id.*, ¶ 8.) Finally, Plaintiff's position did not require any special skills or business initiative. (*Id.*, ¶ 7.) He could not make decisions that would influence marketing, pricing, or business operations to his benefit. (*Id.*)

Accordingly, Plaintiff has demonstrated his entitlement to overtime compensation for all hours he worked as a non-exempt employee of Defendant.

**C.    Plaintiff's Damages Are Calculable as a Matter of Just and Reasonable Inference.**

Any employer who violates the FLSA's overtime wage provision is liable to the affected employee for back wages in the amount of his unpaid overtime wages, liquidated damages and mandatory legal fees and costs. 29 U.S.C. § 216(b).

An employee who brings suit under the FLSA has the burden of proving that he performed work for which he was not properly compensated. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686-87 (1946) *superseded by statute on other grounds as recognized in Integrity Staffing Sols., Inc. v. Busk*, 574 U.S. 27 (2014). If an employer keeps the records required by the FLSA, including recording hours of work, rate of pay, and payments made to the employee, then the employee may rely on those records to satisfy his burden. *Id.* However, to avoid penalizing an

5

employee for his employer's failure to comply with the law, if those records were not kept the employee may "show the amount and extent of [] work as a matter of just and reasonable inference." *Id.*

Here, Plaintiff retained records of his hours of work on a bi-weekly basis which are more than adequate in the face of Defendant's default to establish his hours worked generally under *Anderson*. (Ex. A, Angello Decl., ¶ 8.) Given Plaintiff's calculations based on those records, he adequately establishes his entitlement to back overtime pay in the amount of $11,816.79.

Plaintiff is also entitled to an award of liquidated damages in an equal amount to his back overtime wages. An employer who violates the FLSA is liable for liquidated damages in an amount equal to the overtime compensation owed to its employees, unless the employer can demonstrate that it acted in "good faith" and had "reasonable grounds" to believe that its actions complied with the FLSA. 29 U.S.C. § 260. "[An] employer faces a substantial burden of demonstrating good faith and a reasonable belief that its actions did not violate the FLSA." *Olibas v. Native Oilfield Servs., LLC*, 104 F. Supp. 3d 791, 809 (N.D. Tex. 2015), *aff'd sub nom Olibas v. Barclay*, 838 F.3d 442, 448 (5th Cir. 2016). There is a strong presumption in favor of imposing full liquidated damages under the FLSA. *Nero v. Indus. Molding Corp.*, 167 F.3d 921, 929 (5th Cir. 1999). An employer may not "rely on ignorance alone as [r]easonable grounds for believing that its actions were not in violation of the Act. [. . .] Apathetic ignorance alone is never the basis of a reasonable belief." *Barcellona v. Tiffany English Pub, Inc.*, 597 F.2d 464, 469 (5th Cir. 1979). By its absence in failing to defend this lawsuit, Phoenix admits liquidated damages are appropriate. (*See* ECF No. 1, ¶¶ 2, 35, 37.) Plaintiff's proposed judgment reflects an additional $11,816.79 in liquidated damages.

Finally, post-judgment interest was pleaded (ECF No. 1, ¶ 37) and is appropriate in this case and included in Plaintiff's proposed judgment. *See* 28 U.S.C. § 1961(a). "[P]ost-judgment

interest [pursuant to 28 U.S.C. § 1961] is permitted for damages awarded under the FLSA." *Olibas*, 104 F. Supp. 3d at 813.

**D.     Plaintiff Is Entitled to an Award of His Attorneys' Reasonable Fees and Costs.**

The FLSA provides for mandatory attorneys' fees to prevailing plaintiffs. *See Estate of Gentry v. Hamilton-Ryker IT Sols., LLC*, No. 3:19-cv-00320, 2023 WL 5018432, at *2 (S.D. Tex. Aug. 7, 2023) (quoting *Weisel v. Singapore Joint Venture, Inc.*, 602 F.2d 1185, 1191 n.18 (5th Cir. 1979)). Here, Plaintiff's counsel spent 7 hours in the prosecution of this action against Phoenix only at her standard rate of $425.00/hour for a total of $2,975.00. This is an imminently reasonable fee, and as demonstrated in her declaration, Plaintiff's counsel exercised significant billing judgment. (Ex. B, Arbuckle Decl.)

Finally, Plaintiff incurred taxable costs in the amount of $595.00 including the filing fee and service costs as to Defendant Phoenix. (*See* Ex. B-1, Costs.)

## IV.     CONCLUSION

Given Defendant Phoenix's default and the relevant facts and law presented in this Motion for Default Judgment, Plaintiff respectfully requests that this Court enter judgment against Defendant in the total amount of $27,203.58, with post-judgment interest to accrue at the current judgment rate. Plaintiff requests such other and further relief to which he is justly entitled.

Dated:  July 18, 2025                              Respectfully submitted,

                                        By:     s/Melinda Arbuckle
                                                Melinda Arbuckle
                                                Texas State Bar No. 24080773
                                                marbuckle@wageandhourfirm.com
                                                Ricardo J. Prieto
                                                Texas State Bar No. 24062947
                                                rprieto@wageandhourfirm.com
                                                **Wage and Hour Firm**
                                                5050 Quorum Drive, Suite 700

             Dallas, Texas 75254
             (214) 489-7653 – Telephone
             (469) 319-0317 – Facsimile

             ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

  On July 18, 2025, I electronically filed the foregoing document with the Clerk of Court for the United States District Court for the Southern District of Texas using the CM/ECF method. I certify that all counsel of record were served electronically thereby.

             s/Melinda Arbuckle
             Melinda Arbuckle