Case 3:24-cv-00077    Document 34    Filed on 11/06/25 in TXSD    Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
November 06, 2025
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | |
|---|---|
| MICHAEL ANGELLO, § § | |
| Plaintiff. § § | |
| V. § | CIVIL ACTION NO. 3:24-cv-00077 |
| § | |
| PHOENIX HEALTH § | |
| MANAGEMENT LLC, § § | |
| Defendant. § | |

## MEMORANDUM AND RECOMMENDATION

Plaintiff Michael Angello has filed a motion for default judgment against Defendant Phoenix Health Management LLC. *See* Dkt. 30. Having reviewed the motion, the record, and the applicable law, I recommend the motion be denied.

## BACKGROUND

In this lawsuit, Angello alleges that Phoenix failed to pay him overtime wages for his work as a security guard. According to the complaint, Angello was a Phoenix employee who worked an average of 84 hours per week. Angello alleges that Phoenix misclassified him as an independent contractor and failed to pay him one and one-half times his regular rate of pay for all hours worked over 40 hours per workweek in violation of the Fair Labor Standards Act ("FLSA").

Angello properly served Phoenix with his complaint, but Phoenix has failed to appear or otherwise defend. Angello has moved for a default judgment.

## LEGAL STANDARD

"Because it is important to keep straight default language, a review of the terms regarding defaults is appropriate." *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). The Fifth Circuit has instructed:

> A *default* occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules. An *entry of default* is what the clerk enters when the default is established by affidavit or otherwise. After defendant's default has

been entered, plaintiff may apply for a judgment based on such default. This is a *default judgment*.

*Id.* (citing Fed. R. Civ. P. 55(a)); *see also AT&T Corp. v. Acilis Backbone Techs., LLC*, No. 1:22-cv-466, 2022 WL 19404026, at *1 (W.D. Tex. July 28, 2022) ("Default under Rule 55 is a two-step process: (1) the entry of default and (2) the subsequent entry of a default judgment." (quotation omitted)).

A district court may enter a default judgment against a defendant who "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Although a defendant may technically be in default, "a party is not entitled to a default judgment as a matter of right." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (quotation omitted). "Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n.*, 874 F.2d 274, 276 (5th Cir. 1989). "A default judgment must be supported by well-pleaded allegations and must have a sufficient basis in the pleadings." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015) (quotation omitted). The entry of a default judgment is committed to the district court's discretion. *See Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

## ANALYSIS

Although Phoenix is deemed to have admitted the allegations in the complaint due to its default, I must still review the pleadings to determine whether there is "a sufficient basis in the pleadings for the judgment [to be] entered." *Nishimatsu Const. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). "The defendant, by [its] default, admits the plaintiff's *well-pleaded* allegations of fact[.] . . . A default judgment is unassailable on the merits but only so far as it is support by well-pleaded allegations, assumed to be true." *Id*. Thus, I must examine Angello's allegations to see if they state a claim for relief under the FLSA.

The FLSA provides:

> No employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for

>commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, . . . for a workweek longer than forty hours . . . unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(2)(C).

To successfully plead a claim for unpaid overtime wages under the FLSA, Angello must establish: (1) that he was Phoenix's employee during the relevant time; (2) that he "engaged in activities covered by the FLSA"; (3) that Phoenix "violated the FLSA's overtime-wage requirements"; and (4) "the amount of overtime-pay due." *White v. U.S. Corr., L.L.C.*, 996 F.3d 302, 309 (5th Cir. 2021). It is the second element—FLSA coverage—at issue here. Angello is not entitled to a default judgment because he fails to sufficiently allege that he engaged in activities covered by the FLSA.

To adequately allege FLSA coverage, Angello must plead either individual or enterprise coverage. *See Martin v. Bedell*, 955 F.2d 1029, 1032 (5th Cir. 1992) (citing 29 U.S.C. § 207(a)(1)). Individual coverage exists if the employee "is engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1). Individual coverage is established by asking "whether the work is so directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it, rather than isolated local activity." *Sobrinio v. Med. Ctr. Visitor's Lodge, Inc.*, 474 F.3d 828, 829 (5th Cir. 2007) (quoting *Mitchell v. H.B. Zachry Co.*, 362 U.S. 310, 324 (1960)). "Work that is purely local in nature does not meet the FLSA's requirements, but any regular contact with commerce, no matter how small, will result in coverage." *Williams v. Henagan*, 595 F.3d 610, 621 (5th Cir. 2010) (cleaned up).

Enterprise coverage, in turn, exists where the employee "is employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1). To plead enterprise coverage, "Plaintiffs need only plausibly allege that they handled goods or materials that had at some point travelled

interstate." *Molina-Aranda v. Black Magic Enters., L.L.C.*, 983 F.3d 779, 787 (5th Cir. 2020). Under the FLSA, a business is an enterprise if it "has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person" and the business's "annual gross volume of sales made or business done is not less than $500,000." 29 U.S.C. § 203(s)(1)(A)(i)–(ii).

Here, Angello fails to plead individual or enterprise coverage. Angello merely alleges that "[a]t all times relevant to this lawsuit, Defendant has been a covered employer under the FLSA." Dkt. 1 at 2; *see also id.* at 5. These allegations are conclusory and lack any factual support. A complaint that offers "labels and conclusions," or a "formulaic recitation" of the elements of a cause of action will not do. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Because Angello has not plausibly pleaded individual or enterprise coverage, he is not entitled to a default judgment. *See Platter v. G Force Cement Works, L.L.C.*, No. CV H-19-2012, 2019 WL 5748763, at *3 (S.D. Tex. Nov. 5, 2019) (holding that conclusory allegations of FLSA coverage are insufficient to support a default judgment).

## CONCLUSION

For the reasons discussed above, I recommend that Angello's motion for default judgment (Dkt. 30) be denied. Angello must replead his complaint to establish either individual or enterprise coverage. Assuming Angello can establish FLSA coverage, Angello must serve his amended complaint on Phoenix and wait to see if Phoenix appears before filing another motion for default judgment.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this 6th day of November 2025.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE